```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *    )
UNITED STATES OF AMERICA,        )   Criminal Action
                                 )       No. 22-00121
          Plaintiff,             )
                                 )
   vs.                           )
                                 )
JARED PAUL CANTRELL,             )
QUENTIN G. CANTRELL and          )   Washington, D.C.
ERIC ANDREW CANTRELL,            )   April 27, 2022
                                 )   3:02 p.m.
          Defendants.            )
                                 )
* * * * * * * * * * * * * * *    )
```

TRANSCRIPT OF ARRAIGNMENTS/STATUS CONFERENCE
CONDUCTED VIA ZOOM
BEFORE THE HONORABLE TREVOR N. McFADDEN,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:         ALISON PROUT, ESQ.
                            UNITED STATES DEPARTMENT OF JUSTICE
                            75 Ted Turner Drive, Southwest
                            Atlanta, Georgia 30303

FOR THE DEFENDANT           PETER A. COOPER, ESQ.
QUENTIN CANTRELL:           LAW OFFICES OF PETER A. COOPER
                            400 Fifth Street, Northwest
                            Suite 350
                            Washington, D.C. 20001

FOR THE DEFENDANT           DAVID ISSA, ESQ.
QUENTIN G. CANTRELL:        COLMENTER, HUMPHRIES, ISSA &
                              ROJAS, PLLC
                            11301 Richmond Avenue
                            Suite K101
                            Houston, Texas 77042

```
 1     APPEARANCES, CONT'D:

 2     FOR THE DEFENDANT        DAVID J. HENSEL, ESQ.
       ERIC A. CANTRELL:        HOOVER, HALL, TURNER, LLP
 3                              111 Monument Circle
                                Suite 4400
 4                              Indianapolis, Indiana 46204

 5
       REPORTED BY:             LISA EDWARDS, RDR, CRR
 6                              Official Court Reporter
                                United States District Court for the
 7                                District of Columbia
                                333 Constitution Avenue, Northwest
 8                              Room 6706
                                Washington, D.C. 20001
 9                              (202) 354-3269

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1           THE COURTROOM DEPUTY: This is Criminal Case
2    22-121, the United States of America versus Jared Paul
3    Cantrell, Quentin G. Cantrell and Eric Andrew Cantrell.
4           Counsel, please introduce yourselves for the
5    record, starting with the Government.
6           MR. PROUT: Good afternoon, your Honor. My name
7    is Alison Prout. I'm an assistant U.S. attorney based in
8    Atlanta, Georgia.
9           THE COURT: Good afternoon, Ms. Prout.
10          MR. HENSEL: Your Honor, for Eric Cantrell, David
11   Hensel here today with Eric Cantrell in Indianapolis,
12   Indiana.
13          THE COURT: Good afternoon, Mr. Hensel.
14          Good afternoon, Mr. Eric Cantrell.
15          MR. ISSA: Good afternoon, your Honor. I am David
16   Issa. I'm here in Houston. And I'm here for Quentin
17   Cantrell, who is in Indianapolis.
18          THE COURT: Good afternoon, Mr. Issa.
19          And good afternoon, Mr. Quentin Cantrell.
20          DEFENDANT QUENTIN CANTRELL: Good afternoon.
21          MR. COOPER: Good afternoon, your Honor. Peter
22   Cooper on behalf of Jared Cantrell.
23          THE COURT: Good afternoon, Mr. Cooper.
24          And, Mr. Cooper, you don't have any
25   representations on behalf of your client?

1           MR. COOPER:  Not at this moment.  I do not, your
2    Honor.
3           THE COURT:  So I guess I was a little confused
4    looking at the docket here.  Has your client been in front
5    of the magistrate judge, sir?
6           MR. COOPER:  My client, your Honor?  Yes, he has.
7           THE COURT:  Yes.
8           MR. COOPER:  Yes.  Yes.
9           THE COURT:  So was that set for today, then, for
10   an arraignment?
11          MR. COOPER:  Yes.  I believe so.  We had the
12   initial hearing.  All three Defendants were present at the
13   same time.
14          THE COURT:  So, Ms. Prout, what do you think we
15   should do about Mr. Jared Cantrell?  Are you seeking a bench
16   warrant?  Should we ask Mr. Cooper to waive his presence for
17   purposes of the status conference today?
18          MR. PROUT:  Your Honor, I believe waiving his
19   presence for purposes of the status conference makes sense.
20          I think, you know, I'd like to hear from
21   Mr. Cooper to understand the status of if there's been some
22   misunderstanding or if we do need to seek a bench warrant.
23   Obviously, we'll need to figure this out pretty quickly.
24          THE COURT:  Mr. Cooper, I believe my courtroom
25   deputy has been in touch with you all about today's hearing.

1    I don't really -- I understand you had another court
2    appointment.  I'm not quite sure what happened with your
3    client.
4            MR. COOPER:  I'm not exactly sure, your Honor.
5    And I'm always very cautious about making comments about
6    client communications.
7            What I would ask the Court to do, I would waive
8    his presence for today.  I'd ask the Court to allow the
9    Government to reserve that bench warrant right and I'd ask
10   the Court to allow me a short period of time to try and
11   figure out exactly what's going on and get back in front of
12   the Court so we can catch up.
13           THE COURT:  I mean, I will say, obviously, you're
14   probably aware of this:  Doing Zoom hearings is a pretty
15   novel procedure.  That's not typically how I do it.
16   Particularly in a case like this, where the Defendants are
17   all over the country, I'd like to do that as a courtesy,
18   really, to the attorneys and the Defendants.  But that's not
19   going to work if the attorneys and the Defendants are not
20   here on time.
21           So regardless of whether we issue a bench warrant,
22   if we're going to be able to do these virtually, it's
23   important that everybody's here on time.
24           Why don't we --
25           MR. COOPER:  I understand, your Honor.  I actually

1   do have a plan to try to figure this out.  My thought is to
2   get in touch with Pretrial and see if there's a different
3   avenue to figure out exactly why we don't seem to be in
4   communication at this point in time.  So I'm not asking for
5   the Court to allow the Government to reserve its bench
6   warrant rights in just the hope that he shows up, but I
7   believe there is a different avenue to get back in touch and
8   getting back before the Court.
9               THE COURT:  Why don't we go ahead and proceed with
10  the arraignment with the other two Defendants.
11              Mr. Hensel, have you had an opportunity to talk
12  with your client about proceeding virtually for purposes of
13  today's arraignment?
14              MR. HENSEL:  I have, your Honor.
15              THE COURT:  And, Mr. Cantrell, are you comfortable
16  proceeding -- Mr. Eric Cantrell, are you comfortable
17  proceeding virtually for the arraignment today?
18              DEFENDANT ERIC CANTRELL:  Yes, your Honor.
19              THE COURT:  And, Mr. Issa, have you had an
20  opportunity to talk with your client about proceeding
21  virtually?
22              MR. ISSA:  I have, your Honor.
23              THE COURT:  And, Mr. Quentin Cantrell, are you
24  prepared to proceed virtually for purposes of today's
25  hearing?

1        DEFENDANT QUENTIN CANTRELL:  Yes, your Honor.
2        THE COURT:  I do think it's appropriate for us to
3    proceed virtually in light of the pandemic and authorization
4    laid out in the CARES Act.
5        Mr. Eric Cantrell and Mr. Quentin Cantrell, the
6    courtroom deputy is about to arraign you.  This is directed
7    at you; but typically, your attorneys reply on your behalf.
8        Ms. Chaclan?
9        THE COURTROOM DEPUTY:  Quentin G. Cantrell, Eric
10   Andrew Cantrell, in Criminal Case 22-121, in which you are
11   charged by an information on:  Count 1, entering and
12   remaining in a restricted building; Count 2, disorderly and
13   destructive conduct in a restricted building; Count 3,
14   violent entry and disorderly conduct in a Capitol building;
15   and, Count 4, parading, demonstrating or picketing in a
16   Capitol building, Mr. Quentin G. Cantrell, do you waive the
17   formal reading of the information?  And how do you wish to
18   plead?
19       MR. ISSA:  Not guilty.
20       THE COURTROOM DEPUTY:  Mr. Eric Andrew Cantrell,
21   do you waive the formal reading of the information?  And how
22   do you wish to plead?
23       MR. HENSEL:  Yes.  We waive the formal reading of
24   the information and plead not guilty.
25       THE COURT:  And I'll proceed now to a status

1   conference regarding all three Defendants.  I understand
2   Mr. Cooper is waiving his client's presence and we'll allow
3   the Government to reserve bench warrant rights.
4   　　　　　Pursuant to the Due Process Protections Act, the
5   Court orders that all Government counsel shall review their
6   disclosure obligations under *Brady versus Maryland* and its
7   progeny as set forth in Local Criminal Rule 5.1 and comply
8   with those provisions.  The failure to comply could result
9   in dismissal of the indictment or information, dismissal of
10  individual charges, exclusion of Government evidence or
11  witnesses, continuances, Bar discipline or any other remedy
12  that is just under the circumstances.  I'll also issue a
13  minute order to that effect.
14  　　　　　Ms. Prout, where do things stand on this case?
15  　　　　　MS. PROUT:  Your Honor, with regard to discovery,
16  initial discovery has been provided to all three parties,
17  including FBI reports, open-source videos, photos of the
18  Defendants in and around the Capitol.
19  　　　　　The Government does have additional sensitive
20  discovery specific to these Defendants that is ready for
21  production.  I have been in conversations with each counsel
22  regarding a proposed protective order; and in particular,
23  Mr. Issa, who only just recently joined the case.  And I
24  discussed that today.
25  　　　　　I now have agreement from all of the Defendants

1   and expect to file an unopposed motion for a protective
2   order shortly, after which I will be able to produce
3   additional Defendant-specific discovery as well as global
4   discovery that relates to the Capitol riots at large.
5          I did expect to flag today a potential issue
6   regarding Mr. Jared Cantrell and his -- the conditions of
7   his release.  In his most recent pretrial compliance report,
8   Probation did note that he had multiple positive tests for
9   marijuana and cocaine.  And I was expecting to request
10  additional conditions on his supervision to include drug
11  testing and drug treatment.
12         I had raised this with Mr. Cooper.  I don't know
13  that he's had a chance to talk with his client yet to let me
14  know his position on that.  But I don't know if the Court
15  prefers me to do that through a written motion or if that's
16  something that I can do orally at this point.
17         And on the subject of Mr. Jared Cantrell, as I
18  thought about the situation we're in today, I believe the
19  Government's position will be that we're going to request an
20  appearance by Mr. Cantrell before the Court at some point
21  today, subject to the Court's availability; and if we're not
22  able to secure -- or if his counsel is not able to secure
23  his appearance by the end of today, then I will be
24  requesting a bench warrant, your Honor.
25         THE COURT:  It doesn't look like we have anybody

1    from Pretrial Services on the line.  Is that right,
2    Ms. Chaclan?
3           THE COURTROOM DEPUTY:  That's correct, your Honor.
4           THE COURT:  Mr. Cooper, I'll hear from you.
5    Honestly, I'm not thrilled about -- it feels like it could
6    be kind of difficult for us to arrange another status
7    conference later today.  But I am concerned about making
8    sure we know where your client is and that we're going to be
9    able to proceed in this matter.
10          MR. COOPER:  So I think the best thing to do, your
11   Honor, is for me to figure out exactly where he is, what's
12   going on.  I'll contact chambers or the courtroom deputy and
13   just get back in front of the Court quickly so we can be
14   aware of the next hearing and figure out how we're going to
15   appear at that proceeding.  And I anticipate to do that
16   within the next couple days, hopefully even by tomorrow.
17          THE COURT:  I think what I'd like to do is set an
18   arraignment for him for early next week and also discuss his
19   conditions of release.
20          How about 10:00 a.m. on Wednesday, May 4th?  Does
21   that work for you, Ms. Prout?
22          MR. PROUT:  The time does work, your Honor.
23          I will note, I do have some concerns about going
24   this length of time without confirming the whereabouts of
25   Mr. Cantrell.  I don't know if there's some intermediate

```
 1    step that can be taken between now and then just to make
 2    sure that we don't have a flight situation, your Honor.
 3              THE COURT:  Well, Mr. Cooper, are you available
 4    then?
 5              MR. COOPER:  I am.  Yes.  What time was that?
 6              THE COURT:  10:00 a.m.
 7              MR. COOPER:  I do have something at 10:00.  But
 8    obviously, this will take precedence.  I'll make sure I work
 9    that around the schedule.
10              THE COURT:  We can move it up to 9:30.  Do you
11    want to do that?
12              MR. COOPER:  Yes.  That would be great.  Yes.
13              THE COURT:  Ms. Prout, does that work for you?
14              MR. PROUT:  Yes, your Honor.  Thank you.
15              THE COURT:  Ms. Prout, I'm not quickly seeing the
16    initial bail sheet.  Is there some record or something that
17    would raise concerns other than what we've just discussed
18    today?
19              MR. PROUT:  It would be the pretrial compliance
20    report, which is Document 19 on the docket, your Honor.
21              THE COURT:  Yes.  I do see that.
22              Honestly, as I look at what I'm seeing on our
23    docket, it's not abundantly clear to me that there's notice
24    on the record for today for him.  I'm seeing May 17th, not
25    April 27th.  So I'm not going to issue a bench warrant
```

```
 1    today.
 2              I will expect that the Defendant appear.  This
 3    would be a virtual hearing for next Wednesday.  And if he's
 4    not there for next Wednesday, we'll deal with that then.
 5              Regardless, I want to deal with the other issues
 6    that you flagged, Ms. Prout.
 7              Ms. Prout, back to more generally, what are you
 8    proposing in this case for the three Defendants?
 9              MR. PROUT:  Your Honor, the Government would
10    propose setting the next status conference at about 60 days
11    out to allow time for the Government to continue its
12    discovery production and time for its counsel to review the
13    voluminous discovery in this case.  And we would ask that
14    the speedy trial clock be tolled during that time for those
15    reasons, your Honor.
16              THE COURT:  And other than the sensitive
17    information, have you turned over the Defendant-specific
18    information at this point or is this just part of the
19    Defendant-specific information?
20              MR. PROUT:  Your Honor, the Government has turned
21    over some but not all of the Defendant-specific information
22    at this point.  The majority of what remains is sensitive,
23    but there is some additional, I suppose, nonsensitive
24    information that has come from the latest reports issued by
25    the FBI following the searches and arrests of the Defendants
```

1   in this case.  So that is additional discovery that will be
2   turned over within this next time period.
3           THE COURT:  And have you provided plea offers,
4   ma'am?
5           MR. PROUT:  No, not at this point, your Honor,
6   because the Defendants do not have a substantial amount of
7   discovery before them.  I believe it's a bit premature to
8   have those discussions.  But the Government will pursue
9   those discussions when counsel is ready for that.
10          THE COURT:  Just to be clear, I see these are
11  misdemeanors.  We're going to move quickly in these.
12          So I think I want to hear from the defense
13  attorneys.  I think two months is appropriate, but at that
14  point I'm going to want at the very least all
15  Defendant-specific discovery to be turned over.  And I think
16  I really expect plea discussions to be completed by that
17  point and for us to know where we're going.
18          Ms. Prout, 2:00 p.m. on June 24th.  Does that work
19  for you?
20          MR. PROUT:  Your Honor, I will be on leave out of
21  the country through the 24th.  If it's possible to set
22  something for the following week in the morning on any of
23  those days, I would appreciate that.
24          THE COURT:  How about 9:30 on July 1st?
25          MR. PROUT:  That does work for the Government,

1    your Honor.
2           THE COURT:  Mr. Hensel, I'll hear from you.
3           MR. HENSEL:  Yes, your Honor.  That time works for
4    us.  Yes.  Yes, your Honor.
5           THE COURT:  And what's your position on the Speedy
6    Trial Act?
7           MR. HENSEL:  We're happy to waive the time between
8    now and that period, the next date, your Honor.
9           THE COURT:  Mr. Issa?
10          MR. ISSA:  Yeah.  I believe that time works for
11   us.
12          Do you have any conflict, Quentin?
13          DEFENDANT QUENTIN CANTRELL:  No.
14          THE COURT:  And anything else you wish to add,
15   Mr. Issa?
16          MR. ISSA:  No.  Well, we agree to the tolling of
17   the speedy trial.
18          THE COURT:  And Mr. Cooper?
19          MR. COOPER:  Your Honor, the date is fine.
20          I would ask the Court to allow me, even though
21   Mr. Cantrell is not in front of me right now, to waive the
22   speedy trial time until next -- until May 4th, when this is
23   set.  I'll get back to the Court on that issue.
24          THE COURT:  I'm going to set this for a continued
25   status conference on July 1st at 9:30.  That will be

1       virtual.
2               I will toll the speedy trial clock until then,
3       recognizing that Jared Cantrell is not necessarily agreeing
4       to that full time.  Nonetheless, I think it's appropriate
5       for us to toll for the two months to allow for discovery to
6       go over.
7               As I say, I would expect all Defendant-specific
8       discovery to be over by then and frankly I don't want to get
9       involved in plea negotiations, but if there's going to be a
10      plea, I think the next two months are more than enough time
11      for the parties to discuss that given that these are
12      misdemeanors.  And I anticipate setting trial dates on July
13      1st if the Defendants are not seeking to plead.
14              If you are, if there is going to be a plea
15      agreement, I'd just ask the parties to provide original
16      paperwork to me at least two days in advance.  If any party
17      is seeking to do an in-person plea, I'll of course
18      accommodate that.
19              And as I say, we'll have an intermediate
20      arraignment only for Jared Cantrell next week.
21              Ms. Prout, anything else we should be discussing
22      today?
23              MR. PROUT:  Not on behalf of the Government, your
24      Honor.
25              THE COURT:  Mr. Hensel?

```
1              MR. HENSEL:  No, your Honor.  Nothing else.
2              THE COURT:  Mr. Issa?
3              MR. ISSA:  No, your Honor.
4              THE COURT:  And Mr. Cooper?
5              MR. COOPER:  No, your Honor.  Thank you.
6              THE COURT:  Thanks, folks.
7              And I'll just say, as to the two Defendants who
8    are present, I'll just direct you to return for a virtual
9    status conference on July 1st at 9:30 in the morning.  And I
10   direct you to maintain your release conditions, maintain
11   compliance and contact with your attorneys and probation
12   officers.
13             Obviously, I don't know what will happen with this
14   case.  But if this does come to sentencing, I certainly do
15   take into account defendants' compliance while on pretrial
16   release.
17             Thanks, folks.  We'll see you in a couple months.
18             MR. PROUT:  Thank you, your Honor.
19             MR. HENSEL:  Thank you, your Honor.
20             (Proceedings concluded.)
21
22
23
24
25
```

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Please note: This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of reporting remotely.

Dated this 26th day of July, 2022.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269