```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

* * * * * * * * * * * * * * *    )
UNITED STATES OF AMERICA,        )    Criminal Action
                                 )    No. 22-00121-1
          Plaintiff,             )
                                 )
   vs.                           )
                                 )
JARED PAUL CANTRELL,             )    Washington, D.C.
                                 )    May 4, 2022
          Defendant.             )    9:32 a.m.
                                 )
* * * * * * * * * * * * * * *    )


        TRANSCRIPT OF ARRAIGNMENT/STATUS CONFERENCE
                    CONDUCTED VIA ZOOM
        BEFORE THE HONORABLE TREVOR N. McFADDEN,
               UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:      ALISON PROUST, ESQ.
                         UNITED STATES DEPARTMENT OF JUSTICE
                         75 Ted Turner Drive, Southwest
                         Atlanta, Georgia 30303


FOR THE DEFENDANT:       PETER A. COOPER, ESQ.
                         LAW OFFICES OF PETER A. COOPER
                         400 Fifth Street, Northwest
                         Suite 350
                         Washington, D.C. 20001


REPORTED BY:             LISA EDWARDS, RDR, CRR
                         Official Court Reporter
                         United States District Court for the
                           District of Columbia
                         333 Constitution Avenue, Northwest
                         Room 6706
                         Washington, D.C. 20001
                         (202) 354-3269
```

```
 1                  THE COURT:  Good morning, folks.
 2                  THE COURTROOM DEPUTY:  Good morning, your Honor.
 3                  Your Honor, this is Criminal Case 22-121-1, the
 4      United States of America versus Jared Paul Cantrell.
 5                  Counsel, please introduce yourselves for the
 6      record, starting with the Government.
 7                  MS. PROUT:  Good morning, your Honor.  This is
 8      Alison Prout representing the United States.
 9                  THE COURT:  Good morning, Ms. Prout.
10                  MR. COOPER:  Good morning, your Honor.  Peter
11      Cooper on behalf of Mr. Cantrell, who is appearing by Zoom.
12                  THE COURT:  Good morning, Mr. Cooper.
13                  And good morning, Mr. Cantrell.
14                  Mr. Cooper, have you had an opportunity to talk
15      with your client about proceeding virtually for purposes of
16      today's hearing?
17                  MR. COOPER:  I have, your Honor.  And he agrees.
18                  THE COURT:  Is that correct, Mr. Cantrell?
19                  THE DEFENDANT:  Yes, it is.
20                  THE COURT:  I do find it's appropriate for us to
21      proceed virtually for today's arraignment in light of the
22      pandemic and the authorization laid out in the CARES Act.
23                  Mr. Cantrell, the courtroom deputy is going to
24      arraign you now.  That is directed to you; but typically,
25      your attorney responds on your behalf.
```

1           Ms. Chaclan?

2           THE COURTROOM DEPUTY:  Jared Paul Cantrell, in
3   Criminal Case 22-121, in which you are charged by
4   information on Count 1, entering and remaining in a
5   restricted building; Count 2, disorderly and disruptive
6   conduct in a restricted building; Count 3, violent entry and
7   disorderly conduct in a Capitol building; Count 4, parading,
8   demonstrating or picketing in a Capitol building, do you
9   waive the formal reading of the information and how do you
10  wish to plead?

11          MR. COOPER:  Yes, your Honor.  This is Peter
12  Cooper on behalf of Mr. Cantrell.

13          We waive formal reading.  We assert Mr. Cantrell's
14  constitutional rights and enter pleas of not guilty to all
15  counts.  Yes.  And we assert all of his constitutional
16  rights.

17          THE COURT:  Thank you, Mr. Cooper.

18          And I've stated this on the record last time, but
19  just since Mr. Cantrell is here for the first time I'll say
20  pursuant to the Due Process Protections Act, the Court
21  orders that all Government counsel should review their
22  disclosure obligations under *Brady versus Maryland* and its
23  progeny as set forth in Local Criminal Rule 5.1 and comply
24  with those provisions.  The failure to comply could result
25  in dismissal of the indictment or information, dismissal of

1  individual charges, exclusion of Government evidence or
2  witnesses, continuances, Bar discipline or any other remedy
3  that is just under the circumstances.  I've already entered
4  a minute order to that effect.
5           Mr. Cooper, do you have representations regarding
6  your client's whereabouts last week?
7           MR. COOPER:  Yes, your Honor.  For some reason,
8  Mr. McFadden [sic] and I had a breakdown in communications
9  and he didn't get notice as to his -- that he was to appear.
10          I doubled down on my communications investigation.
11 I got hold of Mr. Cantrell that afternoon, that evening, and
12 informed him that the Court had just carried this until
13 today and that the Court wished him to be here this morning.
14          So we do apologize to the Court for that.  I
15 apologize for that as well on behalf of Mr. Cantrell.
16          THE COURT:  So, Mr. Cantrell, I'll just say,
17 obviously, this is a misdemeanor; but this is also federal
18 court.  I'll tell you that most criminal defendants in my
19 court tend to be held prior to trial.  They tend to be in
20 jail.
21          I don't think that's appropriate here in your
22 case, at least right now.  But it's very important that you
23 appear for your hearings and that you maintain very careful
24 contact with your attorney and with Pretrial Services and
25 that you follow all of the pretrial release conditions.  And

1  I want to talk more about that in a moment.  You can find
2  yourself in a very difficult situation if you're not turning
3  up for hearings or if you're not following all of those
4  requirements.
5         Do you understand, sir?
6         THE DEFENDANT:  Yes.  Yes, I do, your Honor.
7         THE COURT:  So I want to turn to the Pretrial
8  Services report.
9         Ms. Chaclan, you don't have anybody from Pretrial
10 Services on the phone; is that correct?
11        THE COURTROOM DEPUTY:  That's correct.  We don't.
12        THE COURT:  So I've reviewed the Pretrial Services
13 report, which indicates that the Defendant tested positive
14 for cocaine and marijuana back in March.  It's not clear to
15 me whether we have any more recent compliance reports.
16        Ms. Prout, are you requesting a change in the
17 Defendant's supervision?
18        MS. PROUT:  Yes, your Honor. As I alluded to at
19 the last hearing, in addition to the pretrial compliance
20 report's findings on the day of the Defendant's arrest, a
21 search was conducted of his premises and suspected illegal
22 drugs were located in his home as well as some drug
23 paraphernalia.  And so in combination with that and the
24 positive drug tests, the Government is requesting the
25 addition of drug testing and treatment conditions to his

1  bond conditions.
2          THE COURT: Mr. Cooper, any objection to that?
3          MR. COOPER: My understanding, your Honor, is
4  Mr. -- two things: Mr. Cantrell is -- that was a blip.
5  Mr. Cantrell is now clean. He's also in treatment through
6  his church.
7          I think my suggestion would be to have
8  Mr. Cantrell screened by Pretrial for potential drug
9  treatment. They can get into it, because with what his
10 needs are with respect to treatment, whether they're being
11 met by his church, as I suspect they are, but I don't think
12 this is a situation where we need -- in which we need to
13 reinvent the wheel. I do think it's appropriate for
14 Pretrial Services to take a look at it and screen him and
15 see what they think and then report back and we go back to
16 court as to what's the best way to handle it.
17         THE COURT: Do you know what his church treatment
18 consists of, sir?
19         MR. COOPER: I do not. I know Mr. Cantrell
20 recently -- had reached out to me and informed me that he
21 was going to a church. Obviously, it's on an outpatient
22 basis.
23         But I think Mr. Cantrell can probably speak to the
24 meeting schedule, things like that that the church actually
25 takes care of, if the Court wants to hear from Mr. Cantrell.

1        THE COURT:  Mr. Cantrell?

2        THE DEFENDANT:  Yes.  I'm working with a counselor
3   once a week and go to a class on Wednesdays at 2:00 p.m.
4   Also, I've spoken with my federal probation officer, and
5   he's also aware.  He's been in contact -- or at least he has
6   contact information for the church.  I waived the right to
7   privacy on this matter.  So he can contact them at any time
8   to, you know, get information.

9        THE COURT:  So I think what I want to do is grant
10  the Government's request at least at this point.  It doesn't
11  sound to me like there's testing that's part of that
12  program.

13       I do think it's great that you're doing something
14  through the church, and I'd encourage you to keep that up.

15       But at least for now, I want Pretrial Services to
16  also be involved.

17       Mr. Cooper, if we come back -- I think we're
18  coming back in a couple months here.  And if your client is
19  testing negative consistently, I'm happy to revisit this and
20  rely on the church or at least consider relying on the
21  church.  But at this point, with the evidence that I have, I
22  think it's appropriate for me to require the Defendant to
23  undergo drug testing and treatment as ordered by Pretrial or
24  as directed by Pretrial Services.

25       Mr. Cantrell, the only thing I'll add to what I

1    mentioned before is that if this comes to sentencing,
2    obviously, you know, the Government may dismiss the case.
3    You may be found not guilty, so there may never be a
4    sentencing date.  But if there is a sentencing date, I
5    certainly do take into account a defendant's compliance with
6    pretrial release conditions.  I take drug use very
7    seriously.  It's a violation of federal law, including
8    marijuana use.  So this is really an important time for you
9    to make sure that you're on your very best behavior and
10   following all federal, state and local rules and also
11   following the instructions of Probation.
12              THE DEFENDANT:  Yes, your Honor.
13              THE COURT:  Ms. Chaclan, is there anything that we
14   need to do at this point to change his release conditions?
15              THE COURTROOM DEPUTY:  No, your Honor.  I'll just
16   include that in the minute order.
17              THE COURT:  Ms. Prout, I believe we have another
18   status conference already set here.  Is that correct?
19              MS. PROUT:  Yes, your Honor.  The next status
20   conference for all three Defendants is set for July 1st at
21   9:30.  And it's to be virtual, I believe.
22              THE COURT:  Anything else that we should be
23   discussing today?
24              MS. PROUT:  Not from the Government, your Honor.
25              THE COURT:  Do you have a motion, ma'am?

```
 1            MS. PROUT:  Other than a motion to modify the
 2   conditions of release, there's no further motion on the part
 3   of the Government.
 4            THE COURT:  We've already taken care of the Speedy
 5   Trial Act for this Defendant?
 6            MS. PROUT:  Yes, your Honor -- well, your Honor
 7   did determine at the last hearing that the Speedy Trial Act
 8   for all Defendants would be tolled until July 1st.
 9            THE COURT:  I think that looks right to me.
10            Mr. Cooper, anything further that you think we
11   should be discussing today?
12            MR. COOPER:  No, your Honor.  We're all set today.
13   Thank you.
14            THE COURT:  Thanks.  I'll see you back on July
15   1st.
16            And to be clear, Mr. Cantrell, I'm directing you
17   to follow the release conditions of your probation officer
18   that I've ordered and also return for a videoconference on
19   July 1st at 9:30.  And you'll receive information regarding
20   that.  But make sure you stay in touch with your attorney
21   and your probation officer so you know the information for
22   that.
23            Thanks, folks.  I'll see you then.
24            MR. COOPER:  Thank you, your Honor.  Have a good
25   day.
```

```
1                    THE COURT:  You, too.
2                    (Proceedings concluded.)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE**

I, LISA EDWARDS, RDR, CRR, do hereby certify that the foregoing constitutes a true and accurate transcript of my stenographic notes, and is a full, true, and complete transcript of the proceedings produced to the best of my ability.

Please note: This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of reporting remotely.

Dated this 26th day of July, 2022.

/s/ Lisa Edwards, RDR, CRR
Official Court Reporter
United States District Court for the
  District of Columbia
333 Constitution Avenue, Northwest
Washington, D.C. 20001
(202) 354-3269