# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-cr-121 (TNM) |
| | : | |
| **JARED PAUL CANTRELL,** | : | |
| **QUENTIN G. CANTRELL, and** | : | |
| **ERIC ANDREW CANTRELL,** | : | |
| | : | |
| **Defendants** | : | |

### UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ALL COUNTS

The United States of America hereby respectfully submits its opposition to the Defendant David Quentin G. Cantrell's Motion to Dismiss All Counts Against Quentin G. Cantrell on the ground that "the Government's evidence is legally insufficient to permit a reasonable jury to find, beyond a reasonable doubt, each of the elements of the offense." ("Motion," Dkt. 33 at 8). According to Defendant Quentin Cantrell (hereinafter "Quentin"), the Government has produced no evidence as to the *mens rea* of the Defendant as to each count. Defendant Jared Paul Cantrell (Dkt. 35) (hereinafter "Jared") and defendant Eric Andrew Cantrell (Dkt. 36) (hereinafter "Eric") have joined defendant Quentin's motion. As explained herein, the *mens rea* of each defendant as to every count is a question of fact that the jury will be called upon to decide at trial. This Court should therefore deny the Motion as to all defendants and all counts.

1

**A.     Background**

On April 7, 2022, the Government filed an Information charging all defendants with four counts. Dkt. 15:

| Count 1 | 18 U.S.C. §§ 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) |
|---|---|
| Count 2 | 18 U.S.C. §§ 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| Count 3 | 40 U.S.C. §§ 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building) |
| Count 4 | 40 U.S.C. §§ 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building) |

Count 1, in relevant part, charges that Defendants "did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds." Dkt. 15 at 1.

Count 2, in relevant part, charges that Defendants "did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds." Dkt. 15 at 2.

Count 3, in relevant part, charges that Defendants "willfully and knowingly engaged in disorderly and disruptive conduct within the United States Capitol Grounds and in any of the Capitol Buildings with the intent to impede, disrupt, and disturb the orderly conduct of a session of Congress and either House of Congress." Dkt. 15 at 2.

Count 4, in relevant part, charges that Defendants "willfully and knowingly paraded, demonstrated, and picketed in any United States Capitol Building." Dkt. 15 at 3.

Defendant Quentin claims that there is insufficient evidence to permit a jury to conclude that defendants "knew that Capitol Hill was a restricted area on January 6."

**B.     Legal Standard**

A defendant can move before trial to challenge a "defect in the … information; including [a] failure state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v).  Defendant Quentin however styles his motion as a "defense, objection, or request that the court can determine without a trial on the merits," citing Fed. R. Crim P. 12(b)(1).  Normally, a motion for failure to state an offense is limited to the "four corners of the indictment," or as here, an information. *United States v. Safavian*, 429 F. Supp. 2d 156, 159 (D.D.C. 2006).  Defendant Quentin's characterization of the evidence, not found in the information, that "Government's evidence is legally insufficient to permit a reasonable jury to find, beyond a reasonable doubt, each of the elements of any of the four counts," Motion at 8, is not a proper consideration under Rule 12(b)(3)(B)(v).

The main purpose of a charging document, such as an indictment or information, is to inform the defendant of the nature of the accusation.  *See United States v. Ballestas*, 795 F.3d 138, 148-149 (D.C. Cir. 2015) (discussing purpose of an indictment).  Thus, an information need only contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c).  When assessing the sufficiency of criminal charges before trial, an information "must be viewed as a whole and the allegations [therein] must be accepted as true." *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011)).  The "key question" is whether "the allegations … , if proven, are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Id.*

Defendant Quentin's argument that there is no legally sufficient evidence to permit a reasonable jury to find each element beyond a reasonable doubt is something akin to a motion for

summary judgment in civil practice. Defendant Quentin may disagree as to the inferences the Government would ask a jury to make from the evidence, but that disagreement itself dooms the motion. *See generally United States v. Keystone Biofuels*, 350 F. Supp. 3d 310, 323 (M.D. Pa. 2018) (denying motion to dismiss where indictment alleged that an alleged overt act in furtherance of the conspiracy was unlawful, despite defendants' insistence it was not; the court was required to "accept as true the Government's contention"). *See United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (noting that Fed. R. Crim. P. 12(b) "does not explicitly authorize the pretrial dismissal of an indictment on sufficiency-of-the-evidence grounds" unless the government "has made a full proffer of evidence" or the parties have agreed to a "stipulated record"); *accord United States v. DeLaurentis*, 230 F.3d 659, 660–61 (3d Cir. 2000) ("[u]nless there is a stipulated record … a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence"); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) ("there is no summary judgment procedure in criminal cases."); 1A Wright & Miller, Federal Practice & Procedure, Criminal, § 195 (5th ed.) ("Rule 12 was [not] intended to permit 'speaking motions,' that is, motions challenging an indictment's sufficiency based on facts that are outside the pleadings.").

### C. Argument on Discovery

Defendant Quentin makes a number of statements about discovery in his argument in support of the motion to dismiss that appear to be of a nature of technical problems with the discovery databases. For instance, Defendant Quentin in his motion states that the Relativity database's drop-down menu for the field "CODE_IndividualDefendant" listed the defendants alphabetically by last name, but 'Cantrell' was not on the list;" Mot. at 7. However, an examination of the Relativity database on July 1, 2022, the day following the filing of the

4

motion, found there were in fact entries for each of the three Cantrell defendants in the "CODE_IndividualDefendant" field.  Similarly, defendant Quentin states "[a] text search of all the records on Relatively for "Cantrell" returned only about 25 hits." *Id*.  However, a review of the Relativity database on July 1, 2022 showed there were approximately 594 documents responsive to a text search of the word "Cantrell."

Defendant Quentin also claims that he "discovered folders prosecutor believed to contain videos were empty." *Id*.  As the government noted in its discovery letter of April 11, 2022 to defense counsel, "materials on USAfx only remain for 60 days, so ensure that you have downloaded them before they come off of the system."  When defense counsel for Quentin contacted the undersigned prosecutor (in late June, more than 60 days after April 11) noting that the documents had aged off of USAfx, the government made the documents available to defense counsel again within a day.  While it is not clear why these technological difficulties defense counsel has encountered are relevant to the motion to dismiss, the government been responsive to all defense counsels' questions and concerns regarding both case-specific and global discovery.

Defendant Quentin ultimately urges the Court to "preclude the Government from introducing any evidence that it has not specifically identified to [Quentin] by the July 1 status conference "because its mere presence in the colossal haystack of 'global discovery' should not be sufficient."  The Court should deny that request for several reasons.  First, the government has provided case-specific discovery to all defendants, as the defendant rightly notes in his motion.  Mot. at 8.  However, defendant Quentin is incorrect that it is "subject to possible deletions."  As the government clearly informs defendants when it provides discovery via USAfx file transfer, files are deleted from the system after 60 days.  As discussed above, when defense counsel

discovered his error in failing to download the discovery within 60 days and contacted the undersigned, the documents were made available again.

Second, the government has for all practical purposes completed production of case-specific discovery by the July 1, 2022 status conference date. That some productions are designated "case-specific" and others "global" does not vitiate the Government's satisfaction of its obligation. The government continues to investigate the highly publicized January 6, 2021 attack on the U.S. Capitol, and, accordingly, has continued to receive tips and open-source materials and has executed process on Stored Communications Act accounts and devices seized from newly arrested subjects. As such, like in any criminal case, the government may come into possession of additional evidence and produce it. Such a production also does not vitiate a previous satisfaction of its discovery obligation.

### D. Argument on the Motion to Dismiss

Defendant Quentin characterizes some of the evidence produced in discovery in this case. That characterization of the *evidence* provides no reason to dismiss the *allegations* in the Information. In short, Defendant Quentin's arguments are premature, as it is up to the finder of fact to assess the sufficiency of the evidence supporting the allegations.

In any event, Defendant Quentin's characterizations are inaccurate. For instance, Defendant Quentin states that a video "shows him [Quentin G. Cantrell] standing peacefully on the West Terrace." Mot. at 8. The video also shows several dozen Metropolitan Police Officers (MPD) with bright yellow-neon vests and anti-riot gear forming up at the Senate Wing Door, and several people can be heard yelling "Teargas!" A reasonable jury could make inferences and conclusions about what was occurring at the time of the video and a defendant's knowledge regarding permission to enter the Capitol.

Similarly, defendant Quentin notes, "The Government has also produced a number of other videos that do not show [the Defendant], but which depict some of the events on Capitol Hill that day." Def Mot. at 10.  One such video is from the vantage point of a rioter entering the same door that defendants entered a few minutes later.  In the video, the piercing, high-pitched alarm is audible.  Similarly, as to defendant Jared, one of the videos produced in discovery from Jared's social media account is a video taken (presumably by Jared) in which the same high-pitched alarm is audible. The government will argue that the defendants heard the alarm, and accordingly knew, they were not permitted to enter the Capitol.

Additional evidence that the government will introduce at a trial of this matter would support a fact-finder's conclusion that the defendants knew that the Capitol and its grounds were restricted on January 6, 2021It is for a finder of fact to make credibility determinations about witnesses and to make inferences from direct and circumstantial evidence; this argument is not appropriate for a motion to dismiss.

### E.  Conclusion

The government respectfully requests that this Court deny Defendant's Motion to Dismiss All Counts of the Information.

        Respectfully submitted,

        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar Number 481052

By:    __/s/ Jeffrey A. Kiok_____
        JEFFREY A. KIOK
        Attorney Detailed to the U.S. Attorney's Office
        for the District of Columbia

        N.Y. Bar No. 5400221
        601 D Street, N.W.
        Washington, DC  20530
        Jeffrey.kiok2@usdoj.gov
        (202) 307-5967