UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JARED PAUL CANTRELL,<br>QUENTIN G. CANTRELL, and<br>ERIC ANDREW CANTRELL,<br><br>Defendants. | Case No.: 22-CR-121-TNM |

### GOVERNMENT'S MOTION TO EXCLUDE
### THE TESTIMONY OF GUILLERMO COSSON

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves to exclude the Defendant Quentin Cantrell's (hereafter, the defendant) proposed expert testimony of Guillermo Cosson. First, Mr. Cosson is not qualified to opine on the particular subjects for which he is noticed. Second, even if he were qualified to opine on the particular subjects for which he is noticed, his "expert" opinion relies on artificially narrow facts. Third, the defendant seeks to call the expert to testify as to matters that are irrelevant or otherwise elicit an improper legal conclusion.

Alternatively, if the Court finds that it does not yet have sufficient information in the record to exclude Mr. Cosson, the United States requests a *Daubert* hearing.[1]

### I. BACKGROUND

The defendant is charged by information in this case with (1) entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); (2) disorderly and disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2); (3) disorderly

---

[1] "[I]f necessary, [a c]ourt shall consider a request that a *Daubert* hearing be held to evaluate [the expert's] proffered testimony." *Sloan v. Urban Title Servs., Inc.*, 770 F. Supp. 2d 227, 238 (D.D.C. 2011).

1

conduct in a Capitol building or grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). To meet its burden of proof at trial, the government will introduce video evidence of the defendant's conduct. The government has already proffered photographic images from the video evidence in a prior motion. *See* Dkt. No. 55 at 1–11.

The trial in this case begins on April 4, 2023. On February 17, 2023, the defendant filed a motion to extend time and a notice of disclosure of expert testimony pursuant to Federal Rule of Criminal Procedure 16(d). Dkt. Nos. 50, 50-2. Specifically, the defendant seeks to have Mr. Cosson testify regarding the "unreliability of the government's video evidence for the purpose of attempting to establish mens rea on the part of one or more of the defendants." Dkt. No. 50-2 at 1. His primary conclusions are that the videos "are not reliable representations of the sense impressions of members of the crowd," "[v]ideos recorded by 3d parties are particularly unreliable," and "[t]he lack of opportunity to cross-examine the individual who made a video recording makes 3d party video even less reliable than it might otherwise be." *Id.* at 2.

## II.  APPLICABLE LAW

Federal Rule of Evidence 702 principally governs the admission of expert testimony:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) [t]he expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) [t]he testimony is based on sufficient facts or data; (c) [t]he testimony is the product of reliable principles and methods; and (d) [t]he expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Here, the Court has "the responsibility of acting as [a] 'gatekeeper[]' to shield unreliable or irrelevant expert testimony and evidence from the jury. *United States v. Sutton*, No. CR 21-0598 (PLF), 2022 WL 16960338, at *2 (D.D.C. Nov. 16, 2022) (citing *Daubert v. Merrell*

2

*Dow Pharms.*, Inc., 509 U.S. 579, 597 (1993)). Thus, "the twin requirements for the admissibility of expert testimony are evidentiary reliability and relevance." *FTC v. Whole Foods Mkt., Inc.*, Case No. 07-cv-1021 (PLF), 2007 WL 7632283, at *1 (D.D.C. July 27, 2007). ''With respect to relevance, the Court must determine whether the proffered testimony is sufficiently tied to the facts of the case and whether it will aid the factfinder in resolving a factual dispute." *Id.* (citing Daubert, 509 U.S. at 592–93). In addition to presenting reliable and relevant testimony, "an expert witness also must be "qualified" under Rule 702[,]" such that they possess sufficient "knowledge skill, experience, training or education," for their conclusions. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 292 F. Supp. 3d 14, 49 (D.D.C. 2017) (quoting Fed. R. Evid. 702). The party proposing the expert testimony bears the burden of showing that the testimony satisfies Rule 702, and is therefore admissible. *See Meister v. Med. Eng'g Corp.*, 267 F.3d 1123, 1127 (D.C. Cir. 2001).

### III.  ANALYSIS

The Court should exclude defendant's proposed expert testimony for at least three reasons: first, Mr. Cosson is not qualified to opine on the particular subjects for which he is noticed; second, even if he were qualified to opine on the particular subjects for which he is noticed, his "expert" opinion relies on artificially narrow facts; and third, the defendant seeks to call the expert to testify as to matters that are irrelevant or otherwise elicit an improper legal conclusion.

**A.     Mr. Cosson is not qualified.**

The defendant intends to call Mr. Cosson to testify regarding, in various forms, the reliability of the government's video evidence. This includes testimony regarding how video evidence can be impacted by "such things as filters" and how videos can "alter the subject matter

they capture." Dkt. No. 50-2 at 3. He intends to testify about how "interference with the hand of the person recording and the microphone can either serve to amplify or dampen sound." *Id.*

To support the notion that Mr. Cosson has "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence," Fed. R. Evid. 702, the defendant lists Mr. Cosson's qualifications. The qualifications are irrelevant to any claimed expertise with video evidence. They include three years "developing decision support centers, particularly in oilfield service companies" and fourteen years at Chevron in "various roles, presently Asset Management Deployment Lead." Dkt. No. 50-2 at 4. Mr. Cosson has designed mobile applications including "Fantasy Tennis Club." *Id.* This case does not involve the management of oilfield assets or fantasy sports. Despite this background, Mr. Cosson is allegedly an expert in the reliability of video evidence. Yet, the word "video" does not appear a single time in Mr. Cosson's listed qualifications. Given his lack of expertise, it is wholly unsurprising that Mr. Cosson "has not testified in any other cases, either at trial or by deposition, in the past four years." *Id.* at 5.

The defendant also intends to have Mr. Cosson opine on how "[t]he lack of an opportunity to cross-examine the individual who made a video recording makes 3d party video even less reliable." *Id.* at 2. It is unclear what expertise Mr. Cosson has related to the importance of cross-examination. It is also unclear that Mr. Cosson, who is not a lawyer and has not testified in the past four years, even understands what cross-examination is.

**B.      Mr. Cosson's proposed testimony is also based on insufficient facts or data.**

Under Rule 702, the expert's testimony must be "based on sufficient facts or data." Mr. Cosson's proposed testimony is not.

4

According to the defendant's disclosure, Mr. Cosson based his conclusions on a review of three videos: (1) "YouTube-496fitter.mp4"; (2) "IMG_0781.MOV (in folder 'Serial 71')"; and (3) "YouTube-JosephACamp.mp4." *Id.* at 2.  It is unclear how Mr. Cosson "reviewed" the videos other than watching them, no different than any fact finder must do.  The defendant does not specify the "reliable principles and methods" Mr. Cosson used to review and evaluate the videos.

The video evidence documents events that happened in and around the Capitol building.  It is unclear Mr. Cosson has ever visited the Capitol building or compared the video evidence against evidence he considers reliable.

In the "Bases for opinions," the defendant describes how "the application used to record the video" can change the video. *Id.* at 3.  The defendant has not asked, and does not appear to know, what application was used to record the three videos.  It further describes how "[a]mplification during recording can vary greatly due to directional microphones." *Id.* The defendant has not asked, and does not appear to know, what microphones were used to record the audio in the videos.

The government has produced voluminous video evidence in this case.  But the defendant's "expert" opinion is premised solely on a review of three videos.  Yet, Mr. Cosson intends to testify generally that "videos produced by the government in this case are not reliable." *Id.* at 2.  Put differently, Mr. Cosson intends to offer expert testimony on the reliability of videos that he admittedly has never reviewed.  Thus, it inappropriately "rests solely on 'subjective belief or unsupported speculation[.]'" *Groobert v. President & Directors of Georgetown Coll.*, 219 F. Supp. 2d 1, 6 (D.D.C. 2002) (citing *Daubert*, 509 U.S. at 590).

Even as to the remaining three videos he did review, absolutely nothing in the defendant's notice comes remotely close to expert opinion.  While video exhibits may be analyzed for

5

authentication or reliability, there is nothing in this notice or the inherent opinion proffered by the defendant that necessitates treatment of such testimony as expert.

C.     **Mr. Cosson's proposed testimony is irrelevant.**

"With respect to relevance, the Court must determine whether the proffered testimony is sufficiently tied to the facts of the case and whether it will aid the factfinder in resolving a factual dispute." *FTC v. Whole Foods Mkt., Inc.*, Case No. 07-cv-1021 (PLF), 2007 WL 7632283, at *1 (D.D.C. July 27, 2007) (citing Daubert, 509 U.S. at 592–93). Here, Mr. Cosson's testimony is irrelevant because it is insufficiently tied to the facts of the case and will not aid the factfinder in resolving a factual dispute.

Mr. Cosson does not identify any specific concern with the government's video evidence. He does not claim that a specific video or audio has been manipulated or that a specific aspect of a video or audio misrepresents reality. Instead, Mr. Cosson's proposed testimony traffics in general skepticism about video evidence, untethered to the actual facts of the case.

More basically, it is unclear how the proposed testimony is "expert opinion" at all. Mr. Cosson intends to testify that video recordings and audio recordings may not be exact representations of what the defendant heard or saw. That is common sense. The factfinder does not need Mr. Cosson to explain that fact, just as the factfinder does not need an expert to explain the limitations of photographs or the fallibility of eyewitness testimony. Any "expert" testimony on this topic would be inappropriate. *United States v. Gonzalez-Maldonado*, 115 F.3d 9, 17–18 (1st Cir. 1997) ("Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value. On the other hand, the risk of unfair prejudice is real. By appearing to put the expert's stamp of approval on the government's theory, such testimony might unduly influence the jury's own assessment of the inference that is being urged")

(citation omitted); *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 339 (10th Cir. 2020) ("expert testimony is unnecessary if the question does not require specialized or technical knowledge") (quotations omitted); *United States v. Davis*, 772 F.2d 1339, 1343–44 (7th Cir. 1985) ("Expert testimony is not admissible under Rule 702 if it will not assist the jury in understanding the evidence or determining a fact in issue or it is purely speculative."); *United States v. Montas*, 41 F.3d 775, 783 (1st Cir. 1994) ("There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute.").

Moreover, it appears that Mr. Cosson's proposed testimony includes "addressing [the] unreliability of the government's video evidence for the purpose of attempting to establish mens rea on the part of one or more of the defendants." Dkt. No. 50-2 at 1. This would run clearly afoul of Federal Rule of Evidence 704(b) which states, "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." Fed. R. Crim. P. 704(b). *See also United States v. Watson*, 171 F.3d 695, 703 (D.C. Cir. 1999) ("what is proscribed is questioning that produces responses suggesting some special knowledge of the defendant's mental processes"); *United States v. Smart*, 98 F.3d 1379, 1388 (D.C. Cir. 1996) ("It is now well-established that Rule 704(b) applies to all cases in which an expert testifies as to a mental state or condition constituting an element of the crime charged or defense thereto.").

If the Court concludes, as it should, that this proposed testimony is not expert testimony, Rule 701 governs its introduction. "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; helpful

7

to clearly understanding the witness's testimony or to determining a fact in issue; *and* (c) not based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701.  Here, the proposed testimony does not: appear rationally related to Mr. Cosson's perception, given the information thus far provided; appear to help any lay person about understanding the video evidence presented in *this* case; and is based on nothing other than rudimentary conjecture.  Just like how a witness may not testify as to an officer's credibility, *see Cameron v. City of New York*, 598 F.3d 50 (2d Cir. 2010), too shall a witness not assess the general reliability of a randomly viewed video. *See, e.g.*, *Kirksey v. Schindler Elevator Corporation*, 2016 WL 5239874, at *5 (S.D. Ala. Sept. 21, 2016) (denying motion to exclude proposed expert's evaluation of events captured in surveillance video because the expert's review included conducting a site inspection, taking measurements, performing a detailed anthropometric and biomechanical analysis, reviewing medical records, and creating a 3D model of a plaintiff's accident to help understand what happened, which was "well beyond simply eyeballing the video as plaintiff asserts") (internal punctuation omitted).  Indeed, in *Kirksey*, the Court excluded 'eyeballing'-type testimony because the jury was "perfectly capable of watching the video and reaching an independent conclusion based on the evidence presented." *Id.* at *8.

## CONCLUSION

For each of these reasons, the Court should preclude the defendant from introducing expert testimony regarding the government's video evidence.

Dated: February 27, 2023                    Respectfully submitted,

                                            MATTHEW M. GRAVES
                                            United States Attorney
                                            DC Bar No. 481052

*/s/ Michael L. Jones*
MICHAEL L. JONES
DC Bar No. 1047027
Trial Attorney
Capitol Riot Detailee
U.S. Attorney's Office
District of Columbia
(202) 252-7820
michael.jones@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2023, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

>  /s/ Michael Jones
>  MICHAEL L. JONES
>  Trial Attorney