UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CASE NO. 22-CR-121 (TNM) |
| : | |
| JARED PAUL CANTRELL, : | |
| QUENTIN G. CANTRELL, and : | |
| ERIC ANDREW CANTRELL, : | |
| : | |
| Defendants. : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION
*IN LIMINE* TO EXCLUDE OUT-OF-TIME EVIDENCE (ECF No. 52)**

The United States of America hereby files it response in opposition to Defendant Quentin Cantrell's motion *in limine* to exclude evidence produced by the Government after July 1, 2022, and states as follows:

**Argument**

**A.     Discovery**

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipated that a large volume of materials may contain information relevant to this and other prosecutions.  These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.  The government has facilitated access to these materials for the defendant through two databases: evidence.com and Relativity.

The government has now produced discovery to all defendants through a Global Discovery process.  There have been 25 Global Discoveries as a result of the January 6, 2021 Capitol Attack.  The most recent discovery was made available to defense on March 6, 2023.  The defendant through his motion requests the Court to exclude "everything in Production Batches 17 and later

1

because they were not timely produced, and in batches 15 and later because burying it among terabytes of data requiring literal days to transfer is not effective production." ECF No. 52, p. 2.

The Defendant's argument is neither nor new, and the remedy he seeks is extraordinary. In fact, the Defendant made almost the same argument in his Motion to Dismiss Case 22-cr-00121-TNM found at ECF No. 33.  The Government, in its Opposition to Defendants' Motion to Dismiss All Counts, addressed the discovery concerns of the defendant and specifically noted:

> Defendant Quentin makes a number of statements about discovery in his argument in support of the motion to dismiss that appear to be of a nature of technical problems with the discovery databases. For instance, Defendant Quentin in his motion states that the Relativity database's drop-down menu for the field "CODE_IndividualDefendant" listed the defendants alphabetically by last name, but 'Cantrell' was not on the list;" Mot. at 7. However, an examination of the Relativity database on July 1, 2022, the day following the filing of the motion, found there were in fact entries for each of the three Cantrell defendants in the "CODE_IndividualDefendant" field. Similarly, defendant Quentin states "[a] text search of all the records on Relatively for "Cantrell" returned only about 25 hits." *Id*. However, a review of the Relativity database on July 1, 2022 showed there were approximately 594 documents responsive to a text search of the word "Cantrell."
>
> Defendant Quentin also claims that he "discovered folders prosecutor believed to contain videos were empty." *Id*. As the government noted in its discovery letter of April 11, 2022 to defense counsel, "materials on USAfx only remain for 60 days, so ensure that you have downloaded them before they come off of the system." When defense counsel for Quentin contacted the undersigned prosecutor (in late June, more than 60 days after April 11) noting that the documents had aged off of USAfx, the government made the documents available to defense counsel again within a day. While it is not clear why these technological difficulties defense counsel has encountered are relevant to the motion to dismiss, the government been responsive to all defense counsels' questions and concerns regarding both case-specific and global discovery.
>
> Defendant Quentin ultimately urges the Court to "preclude the Government from introducing any evidence that it has not specifically identified to [Quentin] by the July 1 status conference "because its mere presence in the colossal haystack of 'global discovery' should not be sufficient." The Court should deny that request for several reasons. First, the government has provided case-specific discovery to all defendants, as the defendant rightly notes in his motion. Mot. at 8. However, defendant Quentin is incorrect that it is "subject to possible deletions." As the government clearly informs defendants when it provides discovery via USAfx file transfer, files are deleted from the system after 60 days. As discussed above, when

> defense counsel discovered his error in failing to download the discovery within 60 days and contacted the undersigned, the documents were made available again.
>
> Second, the government has for all practical purposes completed production of case-specific discovery by the July 1, 2022 status conference date. That some productions are designated "case-specific" and others "global" does not vitiate the Government's satisfaction of its obligation. The government continues to investigate the highly publicized January 6, 2021 attack on the U.S. Capitol, and, accordingly, has continued to receive tips and open-source materials and has executed process on Stored Communications Act accounts and devices seized from newly arrested subjects. As such, like in any criminal case, the government may come into possession of additional evidence and produce it. Such a production also does not vitiate a previous satisfaction of its discovery obligation.

ECF No. 42, p. 4 – 6.

On October 5, 2022 the Court addressed the defendant's Motion to Dismiss and denied the motion. Unfortunately, for all involved, the defendant and his attorney continued to fail to obtain specific discovery made available by the Government. Although provided at least twice prior, the Government *again* made specific discovery available to the defendant, to which he, through counsel, finally downloaded on February 13, 2023.

The Government recognizes its discovery obligations pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. The Government has and will continue to provide timely disclosure of such materials. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, the Government will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

Notably, the defendant's motion is devoid of any legal, let alone, practical analysis. It appears that the defendant's argument boils down to the fact that in a case involving voluminous discovery, the government's actual production of the data is somehow unfair. While we appreciate the volume of such materials, the defendant's complaint does not lawfully shield the government from its obligations. More to the point, the drastic solution he now seeks is untethered to the alleged

problem. His motion should be denied.

**B.    Witnesses**

The Defendant also requests that only witness Gary Warfield be allowed to testify. The defendant couches this argument on the alleged delay of the government to identify the witnesses it will seek to call. However, the Defendant was part of and agreed to a proposed order regarding witnesses filed by the parties on July 18, 2022 at ECF 37 where the parties proposed, "The parties propose that on or before **March 29, 2023** counsel shall file a Joint Pretrial Statement that contains the following: . . . b. List of witnesses." ECF No. 37, p. 2 – 3. This proposed order was adopted by the Court on July 19, 2023. The Government will provide defense with all proposed witnesses in accordance with this Court's scheduling order. The defendant's request is thus in direct contravention of his own proposed order, and the Court's subsequent directive. His request should be denied as it is not ripe.

## CONCLUSION

WHEREFORE, the Government respectfully requests that this Court deny Defendant's motion *in limine* to exclude out-of-time evidence.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    DC Bar No. 481052

    /s/ Zachary Phillips
    ZACHARY PHILLIPS
    Assistant United States Attorney
    CO Bar No. 31251
    Capitol Riot Detail
    United States Attorney's Office, Detailee
    1801 California Street, Suite 1600
    Denver, CO 80202
    Telephone: (303) 454-0118
    Zachary.phillips@usdoj.gov