UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 1-22-cr-121-1 (TNM) |
| | : | |
| JARED CANTRELL | : | |
| | : | |
| _____ | : | |

## MOTION FOR CONTINUED RELEASE FROM CUSTODY PENDING APPEAL

Jared Cantrell, through counsel, hereby moves this Honorable Court, pursuant to 18 U.S.C. Sec. 1343(b) to allow him to remain on current conditions of release pending appeal. In support of this Motion, Mr Cantrell states:

Following a bench trial on 3 April, 2023, Jared Cantrell was found guilty by this Court on: count 1, Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(1)), count 2, Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(2)), and count 4, Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. §5104 (e)(2)(G)). On 26 June, 2023, the Court sentenced Mr Cantrell to six months incarceration each on counts 1 and 2, and one month on count 4--incarceration periods to run concurrently, followed by twelve months supervised release to include four months of home detention. Mr Cantrell was allowed to return home and self-surrender upon designation by the Bureau of Prisons.

Mr Cantrell is requesting the Court allow him to remain released from custody pending his appeal of his conviction as contemplated by 18 U.S.C. §3143.

Section 3143(b)(1) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>>
>>> (i) reversal,
>>> (ii) an order for a new trial,
>>> (iii) a sentence that does not include a term of imprisonment, or
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

Between the date of his initial appearance in this matter on 15 March 2023, up to the trial date of June, 2023, Mr Cantrell was released on standard terms and conditions of pretrial release. There were no reported violations by Mr Cantrell of the terms and conditions of his pre-trial release. Mr Cantrell was present (via videoconference) for all of the numerous pretrial hearings and was personally present in court for his trial having travelled from Indiana to attend. Following the Court's verdict at trial, the Court allowed Mr Cantrell to remain released pending sentencing pursuant to 18 U.S.C. Sec. 3143(a), with no change in conditions." During the period between verdict and his sentencing, there were no reported violations by Mr Cantrell of his conditions of release.

Based on that record, there is no factual basis to determine that Mr Cantrell is more of a flight risk or danger to the community now than he was on the date of the Court's verdict. Given

that the custodial sentence of six months imposed is less than the sentencing range recommended under the Sentencing Guidelines, Mr Cantrell is less of a flight risk now than he might have been considered to be following the verdict, the final PSR, and the Government's request for a sentence of ten months.

Mr Cantrell's request fits within the statutory factors that justify granting this motion. The issues before the courts in interpreting the language of the statutes in these matters with respect to alleged conduct of defendants is novel and has been given little if any guidance by the Appellate branch. "Substantial questions of law and fact" will be at issue on appeal; specifically involving issues of statutory construction and interpretation, including definitions of both individual words in the statute as well as "terms of art" as they were used by the drafters of these statutes. These questions, along with some others listed below will be subject to *de novo* review on appeal.

## CONCLUSION

Based on the foregoing, Jared Cantrell requests the Court enter an Order that he remain released from custody on terms on his current release conditions, in accordance with 18 U.S.C. Sec. 3143(b) pending the filing of his appeal and a decision by the DC Circuit Court of Appeals on the issues raised.

Respectfully Submitted,

/s/ *Peter A. Cooper*

Peter A. Cooper, (#478-082)
400 Fifth Street, NW.
Suite 350
Washington DC 20001
pcooper@petercooperlaw.com
Counsel for Jared Cantrell

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing Motion for Continued Release from Custody Pending Appeal is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this 6th day of June, 2023.

/s/ *Peter A. Cooper*
_____
Peter A. Cooper