UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

      v.                                 CRIMINAL NO. 1-22-cr-121-1 (TNM)

JARED CANTRELL

## AMENDED MOTION FOR CONTINUED RELEASE
## FROM CUSTODY PENDING APPEAL

Jared Cantrell, through counsel, hereby moves this Honorable Court, pursuant to 18 U.S.C. Sec. 1343(b) to allow him to remain on current conditions of release pending appeal. In support of this Motion, Mr. Cantrell states:

1.      A Motion for Continued Release from Custody pending Appeal was filed with the court on July 6, 2023 (Document 100).

2.      That Motion was denied the same day with the court noting that it had failed to explain how Mr. Cantrell's planned appeal would raise a substantial question of law or fact, as required by 18 USC section 3143(b)(1)(B).

3.      This Amended Motion is intended to address the court's concerns.

4.      Following a bench trial on the 3rd of April, 2023, Jared Cantrell was found guilty by this Court on: count 1, Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(1)), count 2, Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(2)), and count 4, Parading, Demonstrating, or Picketing in a Capitol Building (40 U.S.C. §5104 (e)(2)(G)). On the 26th of June, 2023, the Court sentenced Mr. Cantrell to six months incarceration each on counts 1 and 2, and one month on count 4--incarceration

periods to run concurrently, followed by twelve months supervised release to include four months of home detention. Mr. Cantrell was allowed to return home and self-surrender upon designation by the Bureau of Prisons.

5.      The Federal Rules of Criminal Procedure Rule 38, state that if the defendant is released pending appeal, the court must stay a sentence of imprisonment.

6.      Mr. Cantrell is requesting the Court allow him to remain released from custody pending his appeal of his conviction under 18 U.S.C. §3143.

   Section 3143(b)(1) provides:

> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> > (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> >
> > (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> >
> > > (i) reversal,
> > > (ii) an order for a new trial,
> > > (iii) a sentence that does not include a term of imprisonment, or
> > > (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)....

7.      Between the date of his initial appearance in this matter on the 15th of March 2023, up to the sentencing in June, 2023, Mr. Cantrell was released on standard terms and conditions of pretrial release. There were no reported violations by Mr. Cantrell of the terms and conditions of his pre-trial release. Mr. Cantrell was present (via videoconference) for

all of the numerous pretrial hearings and was personally present in court for his trial having travelled from Indiana to attend. Following the Court's verdict at trial, the Court allowed Mr. Cantrell to remain released pending sentencing pursuant to 18 U.S.C. Sec. 3143(a), with no change in conditions. During the period between verdict and his sentencing, there were no reported violations by Mr. Cantrell of his conditions of release.

8.     Based on that record, there is no factual basis to determine that Mr. Cantrell is more of a flight risk or danger to the community now than he was on the date of the Court's verdict.

9.     Given that the custodial sentence of six months imposed is less than the sentencing range recommended under the Sentencing Guidelines, Mr. Cantrell is less of a flight risk now than he might have been considered to be following the verdict, the final PSR, and the Government's request for a sentence of ten months.

10.    Addressing the court's concerns regarding the merits of Mr. Cantrell's appeal, he intends to raise the following issues:

   a) <u>Sufficiency of the evidence</u>. Cantrell plans to challenge the conviction under Count 2, Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(2)). That conviction rested on the court's conclusion that Mr. Cantrell's non-violent actions were inherently disorderly and disruptive to the normal function of Congress and that his conduct impeded the orderly conduct of government business or official functions by interfering with Capitol police. The court based its decision on several cases still under review. One of the cases upon which the court relied, <u>US v. Rivera</u>, 1:21-cr-60, is currently pending on appeal, no. 22-3088, but has not yet been set for oral argument. That case raises the same issue—whether nonviolent conduct and mere presence in the

Capitol constitutes disorderly or disruptive conduct. Another relevant case to this inquiry is US v. Rodriguez, 1:21-0246, also pending on appeal. Finally, the court relied on the reasoning in US v. Nassif, 1:21-CR-00421-JDB-1, also pending ion appeal (23-3069), which raises questions regarding the interpretation and the application of 18 U.S.C. §1752(a)(2) to non-violent conduct.

Congress defined "official proceeding" to be, among other things, "a proceeding before the Congress." 18 U.S.C. § 1515(a)(1). Whether the court interpreted the terms in the statute correctly and consistently with the Rule of Lenity is a meritorious issue raised in several pending appeals and Mr. Cantrell intends to raise it as well.

b) Sentencing remand. Mr. Cantrell was the only defendant who was convicted of Entering and Remaining in a Restricted Building (18 U.S.C. §1752(a)(2)), which carries a starting base level of 10. The other charges for which he and others were convicted had a starting base level of 4. The court imposed a sentence based on the guidelines, and a reversal of that conviction would affect the applicable guidelines, and would thus affect the court's analysis in imposing sentence.

c) Disparity, Relevant to 3553 factors, Cantrell received a six-month prison term, along with four months of home detention while on a year of supervised release. Mr. Cantrell received one of the longest sentences imposed for any non-violent misdemeanor. Whether his conduct merits such a lengthy sentence is a meritorious argument.

d) Mr. Cantrell reserves the right to raise on appeal any other meritorious issue, in addition to the issues listed above.

11. Mr. Cantrell's request fits within the statutory factors that justify granting this motion. The issues before the courts in interpreting the language of the statutes in these

matters with respect to alleged conduct of defendants is novel and has been given little if any guidance by the Appellate branch. "Substantial questions of law and fact" will be at issue on appeal; specifically involving issues of statutory construction and interpretation, including definitions of both individual words in the statute as well as "terms of art" as they were used by the drafters of these statutes. These questions, along with some others listed below will be subject to *de novo* review on appeal.

12. The average federal appeal takes 8.6 months to 10.8 months, according to the U.S. Courts' "Just the Facts" website (referencing data from 2011 to 2015). See https://www.uscourts.gov/news/2016/12/20/just-facts-us-courts-appeals (accessed 8/18/2023).

13. Mr. Cantrell may very well have completed his sentence prior to any decision from the Court of Appeals, if this Stay is not granted.

## CONCLUSION

Based on the foregoing, Jared Cantrell requests the Court enter an Order that he remain released from custody on terms on his current release conditions, in accordance with 18 U.S.C. Sec. 3143(b) pending the filing of his appeal and a decision by the DC Circuit Court of Appeals on the issues raised.

          Respectfully Submitted,

          HAYES RUEMMELE LLC

          By:   /s/ *Jane Ruemmele*
                  Jane H. Ruemmele
                  22 E. Washington St.
                  Ste. 610
                  Indianapolis IN 46204
                  jane@chrjlaw.com
                  T: 317-491-1050

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the foregoing Renewed Motion for Continued Release from Custody Pending Appeal is being filed via the Electronic Court Filing System (ECF), causing a copy to be served upon government counsel of record, this August 18, 2023.

HAYES RUEMMELE LLC

By:    /s/ *Jane Ruemmele*
          Jane H. Ruemmele