UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CASE NO. 22-CR-121-1 (TNM) |
| | : | |
| JARED PAUL CANTRELL, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR CONTINUED RELEASE FROM CUSTODY PENDING APPEAL**

The United States of America respectfully opposes Defendant Jared Cantrell's August 18, 2023 motion for release pending appeal. Cantrell participated in the Capitol riot on January 6, 2021 and was convicted after a bench trial of three misdemeanors. He was sentenced to serve a total of 6 months' incarceration and an additional 4 months' home incarceration as a condition of his subsequent supervised release. Because Cantrell has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence, this Court should deny his motion. 18 U.S.C. § 3143(b)(1).

### I. BACKGROUND

On April 7, 2022, Defendant Jared Cantrell was charged with violating the following statutes on January 6, 2021 during the Capitol riots: 1) 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds); 2) 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds); 3) 40 U.S.C. § 5104(e)(2)(D) (Disorderly Conduct in a Capitol Building); and 4) 40 U.S.C. § 5104(e)(2)(G) (Parading, Demonstrating, or Picketing in a Capitol Building). Dkt. No. 15.

On April 4, 2023, Cantrell was convicted of Counts 1, 2, and 4 of the Criminal Information following a bench trial before the Court.

On June 26, 2023, the Court sentenced Cantrell to six months' incarceration as to Counts 1 and 2, and one month as to Count 4, all counts to run concurrently; followed by a term of twelve months' supervised release as to Counts 1 and 2, to run concurrently; and as a condition of his supervised release, the defendant was sentenced to four months' home incarceration. The Court permitted Cantrell to remain on bond and allowed Cantrell to voluntarily surrender to the Bureau of Prisons for service of his sentence at a later date.

On July 6, 2023, Cantrell filed a notice of appeal. ECF No. 99. On August 18, 2023, Cantrell filed the instant amended motion for release pending appeal. ECF No. 114.

The Court is well versed in the facts of this case and laid out the evidence submitted during the one-day bench trial in its oral verdict and findings of fact on April 4, 2023.

## II.  ANALYSIS

"[A] person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal" "shall . . . be detained, unless [the Court] finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and *raises a substantial question of law or fact* likely to result in . . . a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1) (emphasis added). A "substantial question" is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56 (D.C. Cir. 1987).

To determine whether a substantial question exists, a court must inquire whether a defendant has raised an issue that is "a close question or one that very well could be decided the

2

other way." *Perholtz*, 836 F.2d at 556; *see id.* at 555 (stating that "close question" standard is "more demanding" than one that requires inquiry to be "fairly debatable," "fairy doubtful," or simply "not frivolous"); *see also United States v. Lutamila*, No. 20-CR-24 (JEB), 2022 WL 16744904, at *1 (D.D.C. Nov. 7, 2022) (setting out standard and citing further cases).

Cantrell has not raised "a substantial question of law or fact likely to result in" a reduced or probationary sentence. 18 U.S.C. § 3143(b)(1). The defendant poses three arguments in favor of release pending appeal: (1) sufficiency of the evidence; (2) sentencing remand; and (3) disparity. Each argument is unavailing. ECF No. 114 at 3–4.

The sufficiency of the evidence argument neither discusses the evidence presented at trial, nor the elements of the offenses of conviction. Instead, Cantrell summarily identifies that some other January 6 defendants have also appealed and—without presenting any actual legal analysis—concludes that the appellate issues are "meritorious." But that is irrelevant. The standard is whether the issue raises "a substantial question of law or fact likely to result in" a reduced or probationary sentence. 18 U.S.C. § 3143(b)(1). Cantrell makes no attempt to argue *why* any of these appellate issues are *likely* to result in a reduced or probationary sentence. Cantrell just points to their existence and hopes that suffices.

The sentencing remand argument does not raise a substantial question. It merely explains how, if the 1752(a)(2) conviction were overturned, the guidelines analysis would be impacted. That is not a question of law or fact.

The disparity argument does not raise a substantial question. In a total of three sentences, Cantrell complains that his sentence was long, but presents no analysis as to how the sentence was substantively or procedurally unreasonable. Mere unhappiness with a sentence is not a

substantial question.

These arguments do not present a "close" call sufficient to justify release pending appeal. They are not arguments at all—they are conclusions without analysis, giving the government no target at which to aim.

Because Cantrell has not shown that his appeal "raises a substantial question of law or fact likely to result in" a reduced or probationary sentence under 18 U.S.C. § 3143(b)(1), his motion for release pending appeal should be denied.

### III.   CONCLUSION

WHEREFORE, the government respectfully requests that this Court deny Defendant's motion for release pending appeal.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

*/s/ Michael L. Jones*
MICHAEL L. JONES
DC Bar No. 1047027
Trial Attorney
Capitol Riot Detailee
U.S. Attorney's Office
District of Columbia
(202) 252-7820
michael.jones@usdoj.gov