UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**, <br><br> Plaintiff, <br><br> v. <br><br> **JARED PAUL CANTRELL**, *et al.*, <br><br> Defendants. | Case No. 1:22-cr-121-1 |

## ORDER

In April, Defendant Jared Paul Cantrell was found guilty on three Counts. The Court then sentenced him to six months' imprisonment on Counts 1 and 2 and one month of imprisonment on Count 4, all sentences to run concurrently. *See* Judgment at 2., ECF No. 101. Now, Defendant asks that the Court allow him to remain on his current release conditions pending an appeal under 18 U.S.C. § 3143. *See* Am. Mot. for Cont. Release (Mot.), ECF No. 114. The Government opposes his motion. *See* Opp'n, ECF No. 115.

Under 18 U.S.C. § 3143(b)(1), a Defendant must be detained after his sentence unless the Court finds (1) "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released," and (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence without any term of imprisonment, or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."

In support of his motion, Defendant raises a few issues: First, he says that he plans to make a sufficiency of the evidence challenge to his Count 2 conviction. He appears to claim

here that his non-violent presence was not inherently disorderly or disruptive. *See* Mot. at 3–4. Second, he says that he would be entitled to a sentencing remand if the D.C. Circuit agrees with him on his first point. *See* Mot. at 4. And third, he plans to challenge the length of his sentence, which he says is "one of the longest sentences imposed for any non-violent misdemeanor." *Id.*

The Court finds that none of these arguments raises a "substantial question of law or fact." 18 U.S.C. § 3143(b)(1)(B). A question is "substantial" only if it is "a close question or one that very well could be decided the other way." *United States v. Perholtz*, 836 F.3d 554, 555-56 (D.C. Cir. 1987). None of these fit that bill. First, the disorderly and disruptive question is not a close call; joining a mob that had overtaken police and shut down proceedings in the United States Capitol is disorderly and disruptive. Defendant's second argument, as the Government notes, "does not raise a substantial question." Opp'n at 3. Instead, "[i]t merely explains how . . . the guidelines analysis" would change if the D.C. Circuit agrees with Defendant's first point. Finally, Defendant's third point fails to explain how his sentence was substantively unreasonable, nor does the Court see how he could do so. At his sentencing, the Court carefully assessed the various § 3353(a) factors and tailored his sentence accordingly. This presents no close issue either.

For these reasons, it is

**ORDERED** that Defendant Jared Paul Cantrell's [114] Amended Motion for Continued Release from Custody Pending Appeal is **DENIED**.

**SO ORDERED**.

Dated: September 7, 2023                                           TREVOR N. McFADDEN, U.S.D.J.